HARRIET L. ORTMAN *vs.* SAMUEL H. CHUTE *et al.*

Argued May 3, 1894.   Affirmed June 12, 1894.

No. 8752.

**A quitclaim deed of husband and wife will bar her dower.**

A married woman who joins with her husband in a deed of convey-
ance whereby, under their hands and seals, and for an expressed consid-
eration of one dollar, they grant, bargain, sell, and quitclaim certain real
estate to another, which formerly belonged to the husband, but has been
sold to satisfy an execution issued on a judgment against him, has no
inchoate interest in the land which can ripen into an estate upon the
death of her husband.

Appeal by plaintiff, Harriet L. Ortman, from an order of the Dis-
trict Court of Hennepin County, *Charles M. Pond,* J., made Septem-
ber 4, 1893, denying her motion for a new trial.

On September 13, 1877, Ernest Ortman owned in fee Lots 3, 4, 5, 6
and 7 in Block 20 in Mill Company's Addition to St. Anthony Falls,
now a part of the City of Minneapolis.    The plaintiff was his wife.
On that day these lots were sold by the sheriff to Samuel Chute on
a writ of execution to satisfy a judgment recovered by Catharine
Theilin against Ernest Ortman.    The lots were not redeemed.    On
June 28, 1881, plaintiff and her husband in consideration of $100
paid them by Samuel Chute and his brother, Richard Chute, made
to them a quitclaim deed of the lots.    The consideration expressed
in the deed was one dollar.    Ernest Ortman died intestate De-
cember 24, 1890.    The plaintiff as his widow now claims to have in-
herited from her deceased husband one undivided third of these lots
and contends that she did not by joining in the quitclaim deed re-
lease or convey her inchoate right of dower therein; or thereby as-
sent to any conveyance thereof by her husband, as his title had
passed by the sale on execution.    She prayed partition of the lots
between her and Samuel Chute.    On the trial the court overruled
her contention and she excepted.    Findings were filed and judg-
ment ordered for defendants.    Plaintiff moved for a new trial.
Being denied she appeals.

*Smith & Smith,* for appellant.

The quitclaim deed of June 28, 1881, executed by Ernest and Harriet L. Ortman was void and did not operate to release the plaintiff's inchoate right of dower.

1878 G. S. ch. 46, § 3, provides that the surviving wife shall hold in fee simple one equal undivided one third of all lands of which her husband was at any time during coverture seized or possessed, free from any testamentary or other disposition thereof, to which the wife shall not have assented in writing. 1878 G. S. ch. 48, § 13, provides that a married woman may bar her right of dower in any estate conveyed by her husband, or by his guardian if he is a minor, or an insane person, by joining in the deed of conveyance, or by a subsequent deed executed by herself alone.

The deed of Harriet L. Ortman and Ernest Ortman of June 28, 1881, is not within the letter or spirit of either section. Under section 3 to make her release effectual to bind her, her deed or release must expressly consent or assent to the sheriff's deed which divested her husband of his title. That is the plain and manifest meaning of the statute. But the quitclaim deed makes no reference to the sheriff's deed and does not assent in writing to that conveyance. Her deed did not bar her dower under section 3. The words "to which" used in this section refer to the deed which divested her husband's estate, and it is to such conveyance that her assent must be given in writing and by name and proper reference thereto if the statute is to be regarded and followed. Without this reference to such deed there is nothing to show her assent thereto in writing. Under Section 13 supra the conveyance which the wife may make in order to bar dower must relate to lands which were or had been conveyed by her husband or his guardian if he was a minor or insane. This she could do, first, by joining in the original deed with her husband, or second, by a subsequent deed with her husband joining, or by herself alone, but both modes of release by the wife can release dower only in lands conveyed by her husband for it is only to such lands as have been conveyed by the husband or his guardian that this whole section refers. Lands conveyed by the sheriff are not included in this section. *Rannels* v. *Gerner,* 80 Mo.

474; *Glidden* v. *Strupler*, 52 Pa. St. 400; *Baxter* v. *Bodkin*, 25 Ind. 172; *Dodge* v. *Hollinshead*, 6 Minn. 25; *Marvin* v. *Smith*, 46 N. Y. 571; *Bressler* v. *Kent*, 61 Ill. 426.

Dower is not barred or divested by the sale of the husband's lands on execution against him. *Dayton* v. *Corser*, 51 Minn. 406; *White* v. *White*, 16 N. J. Law, 202.

When the husband's deed conveys nothing, the joinder of the wife in such deed is a nullity. *Witthaus* v. *Schack*, 105 N. Y. 332; *Blain* v. *Harrison*, 11 Ill. 384; *Douglas* v. *McCoy*, 5 Ohio, 523; *Lowry* v. *Fisher*, 2 Bush. 70; *Robinson* v. *Bates*, 3 Met. (Mass.) 40; *Maloney* v. *Horan*, 53 Barb. 29; *Stinson* v. *Sumner*, 9 Mass. 143; *Summers* v. *Babb*, 13 Ill. 483.

The present interest or estate of the wife in her husband's lands is nothing more nor less than an enlarged dower and is governed by all the rules and limitations of the common law and statutory dower. *In re Rausch*, 35 Minn. 291; *In re Gotzian*, 34 Minn. 159; *McGowan* v. *Baldwin*, 46 Minn. 477; *Dayton* v. *Corser*, 51 Minn. 406; *Holmes* v. *Holmes* 54 Minn. 352.

*Jonas Guilford*, for respondents.

All dower has been abolished by statute and a statutory right enacted in its place, and it is necessary in order to eliminate the right of the wife for her to assent to the conveyance of the husband in writing, but that assent may be general, and by most any method or instrument which shows that fact. It is usually done by joining in the deed of the husband.

COLLINS, J. There is nothing at all in the claim made by plaintiff in this action. It was brought to obtain a partition of certain real property. As the widow of one Earnest Ortman, deceased, she claims to be the owner in fee of an undivided one-third of the premises. We need not go into the facts except to say that in 1881, three years after the property had been sold to defendant Samuel H. Chute, to satisfy an execution issued upon a judgment entered and docketed against said Earnest Ortman, who then owned the lots, and from which sale there has been no redemption, said Earnest

Ortman and this plaintiff, his wife, made, executed, and delivered their deed of conveyance under seal, in which, for an expressed consideration of one dollar, they granted, bargained, sold, and quit-claimed the premises to these defendants. This deed was duly acknowledged by the grantors, and was put upon record. The court found, as facts, although we must not be understood as holding that they were material, that, at the time of the purchase at the execution sale, these defendants were copartners under the firm name of Chute Bros., engaged in the business of buying and selling real property; that said purchase was made for the firm, and the price paid out of firm funds, although the sheriff's certificate was issued to Samuel H.; and also found that the sum of $100 was the actual consideration for the execution and delivery of the deed referred to.

Although it is asserted by counsel for plaintiff to the contrary, we regard these findings as fully supported by the evidence. We do not feel called upon to discuss the points made in the very full and ingenious brief made by counsel for plaintiff, and really based upon 1878, G. S. ch. 46, § 3, and Id. ch. 48, § 1 (13). It is sufficient to say that 1878 G. S. ch. 40, § 1, provides that conveyances of land, or of any estate or interest therein, may be made by deed executed by any person having authority to convey the same, and duly acknowledged and recorded, while, by the next section, the real estate of the wife may be conveyed by the joint deed of husband and wife. In section 26 of the same chapter it is enacted that the term "conveyance," as used in chapter 40, shall be construed to embrace every instrument in writing by which any estate or interest in real property is created, aliened, mortgaged, or assigned, or by which the title to any real estate may be affected in law or in equity, except wills, some certain leases, and executory contracts for the sale or purchase of real property. Here Earnest Ortman and his wife, this plaintiff, made, executed, and delivered, under their hands and seals, to these defendants a deed of conveyance whereby, for an actual consideration of $100, the expressed consideration being nominal, they granted, bargained, sold, and conveyed the premises in dispute to defendants.

The plaintiff is bound by the conveyance for several reasons, and by no amount of ingenious reasoning and refining can it now be demonstrated that she retained an inchoate right to an undivided

third, which ripened into the estate provided for in Laws 1889, ch. 46, § 64, when her husband died, in 1890.

Order affirmed.

BUCK, J., absent, sick, took no part.

(Opinion published 59 N. W. 583.)